UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL GENOMICS TAIWAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BIOSCIENCES OF CALIFORNIA, INC.,<br><br>Defendant. | C.A. No. 19-cv-1810-LPS<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PACIFIC BIOSCIENCES OF CALIFORNIA, INC.'S
ANSWER AND COUNTERCLAIMS TO PERSONAL GENOMICS TAIWAN, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Pacific Biosciences Of California, Inc. ("PacBio") answers ("Answer") Plaintiff Personal Genomics Taiwan, Inc.'s ("PGI") Complaint for Patent Infringement filed on September 26, 2019 ("Complaint") and asserts counterclaims against PGI as follows:

**THE PARTIES**

1. PacBio admits, on information and belief, that PGI is a corporation existing under the laws of Taiwan (R.O.C.), with an office at 8 Shengyi Rd., Sec. 2, 4F, Hsinchu Biomedical Science Park, Zhubei, Hsinchu 30261, Taiwan (R.O.C.).

2. PacBio lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies those allegations.

3. PacBio lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore denies those allegations.

4. PacBio admits, that United States Patent No. 7,767,441 (the "'441 Patent") is attached to the complaint as Exhibit 1. Except as so admitted, PacBio lacks the knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies those allegations.

5. PacBio admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1305 O'Brien Dr., Menlo Park, CA 94025.

6. PacBio admits that it manufactures, markets, and sells "Sequel" and "Sequel II" devices. PacBio further admits that its website states that the "Sequel" and "Sequel II" devices "deliver highly accurate long reads," and provide "[h]igh-quality sequencing for genomes, transcriptomes, and epigenomes."

## JURISDICTION AND VENUE

7. PacBio admits that these claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*, and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338.

8. PacBio admits it is subject to personal jurisdiction in this judicial district for the purposes of this action. Except as so admitted, denied.

9. PacBio admits that venue is proper under at least 28 U.S.C. §§ 1391 and 1400(b) because PacBio is a Delaware corporation.

## BACKGROUND

10. PacBio re-alleges and incorporates by reference Paragraphs 1-9 of its Answer.

11. PacBio admits, on information and belief, that the '441 Patent claims priority to a U.S Provisional Patent Application filed October 25, 2007. Except as so admitted, denied.

12. PacBio admits, on information and belief, that on or about March 3, 2010, Dr. Stephen Turner contacted Dr. Chiou. PacBio further admits, on information and belief, that the '441 Patent claims priority to a U.S Provisional Patent Application filed October 25, 2007. Except as so admitted, denied.

13. PacBio admits, on information and belief, that employees of PGI engaged in discussion with employees of PacBio in 2011. PacBio further admits, on information and belief, that employees from PGI came to PacBio's Menlo Park headquarters on July 28, 2011. Except as so admitted, denied.

14. PacBio admits, on information and belief, that employees of PGI engaged in discussion with employees of PacBio between 2013 and 2015. Except as so admitted, denied.

15. PacBio admits that it issued a press release on September 30, 2015 announcing the launch of the Sequel System ("Sequel") that stated that the "Sequel System provides higher throughput, more scalability, a reduced footprint and lower sequencing project costs compared to the PacBio RSII System, while maintaining the benefits of SMRT technology." Except as so admitted, denied.

16. PacBio admits that it issued a press release on April 24, 2019 announcing the launch of the Sequel II System ("Sequel II"), which stated that the "Sequel II System is based on the proven technology and workflow underlying the previous version of the system, but contains updated hardware to process the new SMRT Cell 8M." Except as so admitted, denied.

17. Denied

## CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,767,441)

18. PacBio re-alleges and incorporates by reference Paragraphs 1-17 of its Answer.

19. PacBio admits, on information and belief, on August 3, 2010, the United States Patent Office issued the '441 Patent, which is entitled "Bioassay System Including Optical Detection Apparatuses, And Method For Detecting Biomolecules." Except as so admitted, denied.

20. PacBio admits that the '441 Patent lists on its face Chung-Fan Chiou, Cheng-Wei Chu, Shang-Chia Chang, Yu-Tang Li, Chao-Chi Pan, and Bin-Cheng Yao as co-inventors.

21. PacBio lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore denies those allegations.

22. PacBio admits that the '441 Patent states that it "relates to a bioassay system including a plurality of optical detection apparatuses, and uses of the bioassay system for detecting and analyzing biomolecules, such as nucleic acids."  Ex. 1 at 1:15-18.  Except as so admitted, denied.

23. Denied

24. PacBio admits that claim 48 of the '441 Patent states:

> 48. An apparatus for identifying a single biomolecule, comprising:
> a substrate having a light detector;
> a linker site formed over the light detector, the linker site being treated to affix
> the biomolecule to the linker site; and
> an excitation light source formed over the substrate; wherein the linker site is proximate to the light detector and is spaced apart from the light detector by a distance of less than or equal to 100 micrometers.

Except as so admitted, denied.

25. Denied.

### "48. An apparatus for identifying a single biomolecule, comprising:"

26. PacBio admits that Sequel is an apparatus.

27. PacBio admits that Sequel can be used to sequence long fragments of native DNA. Except as so admitted, denied.

28. PacBio admits, on information and belief, that Exhibit 5 is a product brochure that states the "Sequel System, powered by single molecule, real-time (SMRT) technology, delivers

long reads, high consensus accuracy, uniform coverage and epigenetic characterization." Except as so admitted, denied.

29. PacBio admits, on information and belief, that the image reproduced in paragraph 29 appears to be a portion of a video available at https://youtu.be/icrZbtgYpS8t. Except as so admitted, denied.

30. PacBio admits that the Sequel uses SMRT Cells during operation. PacBio further admits that the Sequel uses the "SMRT Cell 1M." Except as so admitted, denied.

31. PacBio admits that it sells SMRT Cells and sequencing reagents. PacBio further admits that its website describes the "SMRT Cell 1M v3 Tray" as:

> The Sequel SMRT Cell 1M v3 is a set of 4 nanofabricated consumables each patterned with approximately 1,000,000 wells called zero-mode waveguides (ZMWs). The SMRT Cell 1M v3 can acquire sequencing data up to 10 hours of collection time. . . . One SMRT Cell is utilized in each sequencing collection, and SMRT Cells can be run at a time giving you flexibility in how to set up your experiments.

Except as so admitted, denied.

32. PacBio admits, on information and belief, that Exhibit 9 is a Sequel System User Guide and that the image reproduced in paragraph 32 appears to be from that guide. Except as so admitted, denied.

33. PacBio admits, on information and belief, that Exhibit 10 is a SMRT Sequencing Brochure and that the image reproduced in paragraph 33 appears to be from that brochure. Except as so admitted, denied.

34. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

### **"[a] a substrate having a light detector"**

35. PacBio admits that a SMRT Cell unit is necessary to operate a Sequel system. Except as so admitted, denied.

36. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

37. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

38. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

39. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

40. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

### **"[b] a linker site formed over the light detector, the linker site being treated to affix the biomolecule to the linker site; and"**

41. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

42. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

43. PacBio admits, on information and belief, that exhibit 10 is a SMRT Sequencing Brochure published by PacBio. PacBio admits, on information and belief, that the image reproduced in paragraph 43 appears to be a portion of a video available at https://youtu.be/WMZmG00uhwU. Except as so admitted, denied.

6

44. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

### "[c] an excitation light source formed over the substrate"

45. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

46. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

47. PacBio admits, on information and belief, that the image reproduced in paragraph 47 appears to be a portion of a video available at https://youtu.be/WMZmG00uhwU.

48. PacBio admits, on information and belief, that the image reproduced in paragraph 48 appears to be a portion of a video available at https://youtu.be/WMZmG00uhwU.

49. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

### "[d] wherein the linker site is proximate to the light detector and is spaced apart from the light detector by a distance of less than or equal to 100 micrometers"

50. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

51. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

52. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

53. PacBio denies that its products practice any of the claims of the '441 Patent as properly construed and, on this basis denies this allegation.

54. PacBio admits that it published a press release on January 9, 2017 describing a "New Chemistry and Software Release." PacBio further admits that this press release states "[t]his release is part of our continued commitment to increasing the performance of the Sequel System, and we are very pleased with the data we are seeing both internally and at our beta-test sites . . . . We are focused on improving the key applications for our customers where SMRT Sequencing provides unique advantages." PacBio further admits that it published a press release on March 27, 2019 describing a "Collaborative Study with Second Genome." PacBio further admits that this press release states that Second Genome "teamed up with scientists here at PacBio to explore how long-read sequencing might supplement their short-read-based pipeline for gene discovery, using an environmental sample as a test case." PacBio further admits that this press release states that "[t]he library was sequenced on two SMRT Cells with 20-hour movies on the Sequel System." Except as so admitted, denied.

55. PacBio admits that the '441 Patent is cited on the face of U.S. Patent Nos. 8,465,699; 8,467,061; 8,994,946; 9,223,084; 9,372,308; 9,410,891; 9,606,068; and 9,624,540. Except as otherwise admitted, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## RESPONSE TO PGI'S PRAYER FOR RELIEF

PacBio denies that PGI is entitled to any relief whatsoever, including the relief stated in paragraphs A through I in the Complaint, from either PacBio or the Court, either as prayed for in the Complaint or otherwise.

## RESPONSE TO PGI'S DEMAND FOR JURY TRIAL

PacBio has demanded a trial by jury on all issues so triable in this case.

## GENERAL DENIAL

PacBio further denies each and every allegation in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer.

## DEFENSES

PacBio alleges and asserts the following defenses in response to the allegations in the Complaint.

### First Defense – Non-Infringement

61.   PacBio has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '441 Patent, either literally or by the doctrine of equivalents.

### Second Defense – Invalidity

62.   One or more claims of the '441 Patent are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and 112.   For example, one or more claims of the '441 Patent are invalid in view of the prior art, including references cited on the face of the '441 Patent, and articles, patents, products, and processes that were publicly available or disclosed before the priority date of the '441 Patent.   In addition, one or more claims of the '441

Patent are invalid because the full scope of those claims is not enabled, nor described, by the written description of the '441 Patent, and those claims are indefinite.

### Third Defense – Failure to State a Claim

63. PGI may not claim or recover any relief, including the relief stated in paragraphs A through I in the Complaint, from either PacBio or the Court, because the Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted or facts sufficient to support a cause of action.

### Fourth Defense – Statutory Damages Limitations

64. PGI's claim for damages is statutorily limited by 35 U.S.C. §§ 286, 287 and/or 288.

### COUNTERCLAIMS

Counterclaimant Pacific Biosciences Of California, Inc. ("PacBio") on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges its Counterclaims against Personal Genomics Taiwan, Inc.'s ("PGI") as follows:

### THE PARTIES

1. PacBio is a corporation organized under the laws of Delaware, having its principal place of business at 1305 O'Brien Dr., Menlo Park, CA 94025.

2. According to PGI's Complaint, PGI is a corporation existing under the laws of Taiwan (R.O.C.), with an office at 8 Shengyi Rd., Sec. 2, 4F, Hsinchu Biomedical Science Park, Zhubei, Hsinchu 30261, Taiwan (R.O.C.).

### JURISDICTION

3. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4. PGI has subjected itself to personal jurisdiction in this Court because it has sued PacBio in this Court.

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. PGI has consented to venue in this Court because it has filed its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

## ACTUAL CONTROVERSY

7. According to PGI's Complaint, PGI claims to be the assignee and owner of all rights, title to, and interest in United States Patent No. 7,767,441 ("the '441 Patent"). PGI has alleged that PacBio has infringed and is infringing the '441 Patent, which PGI denies.

8. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between PacBio and PGI. PacBio seeks a declaration that it has not infringed and does not infringe the '441 Patent and that the '441 Patent is invalid.

## COUNTERCLAIM ONE
**(Declaratory Judgement of Non-Infringement of the '441 Patent)**

9. PacBio re-alleges and incorporates by reference Paragraphs 1-8 of its Counterclaims.

10. Although PGI alleges in its Complaint that (i) PacBio has infringed or continues to infringe the claims of the '441 Patent literally or under the doctrine of equivalents, (ii) PacBio actively, knowingly, and intentionally has induced infringement of the '441 Patent, and (iii) PacBio has contributed to the infringement by its customers of the '441 Patent, PacBio has not infringed and does not infringe any valid claim of the '441 Patent under any theory of infringement.

11. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '441 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM TWO
### (Declaratory Judgement of Invalidity of the '441 Patent)

12. PacBio re-alleges and incorporates by reference Paragraphs 1-11 of its Counterclaims.

13. The claims of the '441 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in light of prior art. For example, one or more claims of the '441 Patent are invalid in view of the references cited on the face of the '441 Patent, and articles, patents, products, and processes that were publicly available or disclosed before the priority date of the '441 Patent.

14. The claims of the '441 Patent are invalid under 35 U.S.C. § 112 for failing to comply with one or more of the written description requirement, the enablement requirement, and the definiteness requirement.

15. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '441 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## JURY DEMAND

16. Pursuant to Federal Rule of Civil Procedure 38, PacBio demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, PacBio respectfully requests the following relief:

a) That PGI take nothing by its Complaint;

b) That judgement be entered against PGI and in favor of PacBio;

    c)        That PGI's Complaint be dismissed with prejudice;

    d)        A declaration that PacBio does not infringe, and has not infringed, directly, indirectly, or under the doctrine of equivalents, any claim of the '441 Patent;

    e)        A declaration that each and every claim of the '441 Patent is invalid;

    f)        That this case be declared exceptional and PacBio be awarded its costs, expenses, and reasonable attorneys' fees in this action under 35 U.S.C. § 285; and

    g)        That the Court grant PacBio such further relief the Court may deem just and proper.

Dated: November 20, 2019

Of Counsel:

Edward R. Reines
Derek C. Walter
Robert S. Magee
WEIL, GOTSHAL &MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant PACIFIC BIOSCIENCES OF CALIFORNIA, INC.*