IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL GENOMICS TAIWAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC BIOSCIENCES OF CALIFORNIA, INC., <br><br> Defendant. | Civil Action No. 19-1810-GBW-MPT |

## MEMORANDUM ORDER

At Wilmington, Delaware this 15th day of September, 2022.

Having reviewed the parties' briefing and other materials filed with respect to Defendant and Counter-Claimant Pacific Biosciences of California, Inc.'s ("PacBio") motion to stay pending appeal of *inter partes* review ("IPR") No. IPR2020-01200 (D.I. 40; D.I. 41; D.I. 46; D.I. 50; D.I. 66; D.I. 67),[1] IT IS HEREBY ORDERED that PacBio's motion (D.I. 40) is GRANTED, for the reasons stated below. It is further ORDERED that, within 30 days of the resolution of PacBio's appeal of IPR2020-01200, the parties shall notify the Court of the outcome of the appeal and the implications of the outcome on this case and file a motion or proposed stipulation to lift or continue the current stay.

1. On June 22, 2020 and June 27, 2020, PacBio filed two IPR petitions against United States Patent No. 7,767,441 (the "'441 patent") at the Patent Trial and Appeal Board

---

[1] The parties' Joint Status Report and Interim Status Report have also been considered in connection with the pending motion. D.I. 36; D.I. 85.

1

("PTAB"). On August 25, 2020, the Court entered the parties' joint stipulation to stay this case pending the IPR proceedings. D.I. 33.

2. The PTAB issued Final Written Decisions in both IPRs on January 18, 2022. In IPR2020-01163, the PTAB found that claims 1-6, 9, and 43-58 of the '441 patent were unpatentable. *Pacific Biosciences of California, Inc. v. Personal Genomics Taiwan, Inc.*, IPR2020-01163, Paper 31 (P.T.A.B. Jan. 18, 2022). In IPR2020-01200, the PTAB found that claims 1, 2, 6, 7, 10-22, 24, and 27-36 of the '441 patent have not been shown to be unpatentable. *Pacific Biosciences of California, Inc. v. Personal Genomics Taiwan, Inc.*, IPR2020-01200, Paper 31 (P.T.A.B. Jan. 18, 2022). The net results of these two IPRs is that the PTAB confirmed the patentability of 17 claims of the '441 patent that Plaintiff and Counter-Defendant Personal Genomics Taiwan, Inc. ("PGI") is asserting against PacBio. On January 24, 2022, PacBio filed a Notice of Appeal with the Federal Circuit regarding the PTAB's decision in IPR2020-01200. On February 2, 2022, this Court lifted the stay and instructed the parties that, if "either party seek[s] a stay pending appeal, it must do so in a timely manner." D.I. 37.

3. On February 16, 2022, fourteen (14) days after this Court lifted the stay, PacBio moved to stay this case pending its appeal. D.I. 40. PGI opposed. *Id.* On March 18, 2022, PGI filed a Notice of Appeal with the Federal Circuit regarding the PTAB's decision in IPR2020-01163.

4. A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery

is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)). In this action, these factors favor granting a stay.

5. A stay would simplify the issues before this Court. The key issue in PacBio's appeal will be the proper scope of "an apparatus for identifying a single molecule," which appears in the preamble in all independent claims of the '441 patent and is one of two disputed claim terms in this case. The Federal Circuit's decision regarding the proper scope of the disputed term "an apparatus for identifying a single molecule" will likely affect claim construction, fact discovery, and expert discovery in this case. Judicial efficiencies would be gained by staying this case rather than have this Court and the Federal Circuit address the construction of the same term in parallel. Thus, this further weighs in favor of a stay.

6. The stage of this litigation weighs in favor of a stay. Fact discovery is in its early stages—no depositions have been taken. Claim construction briefing is complete but no *Markman* hearing date has been set. *See* D.I. 77; D.I. 78.

7. A stay will not unduly prejudice PGI. In a Joint Status Report, PGI asserts that a delay of this litigation "harms PGI's ability to commercialize its own products in the face of competition from Pac Bio and other sequencing companies." D.I. 36 at 4. But, as noted by PacBio, PGI "fails to identify a single product that it manufactures or provide any details whatsoever about products that it plans to manufacture." D.I. 41 at 13. PGI failed to

3

identify such products in its briefing. *See* D.I. 46 at 18-20. PGI's damages, if any, are monetary.

8. Thus, given the pertinent factors weigh in favor of a stay, PacBio's motion to stay this litigation pending appeal of IPR2020-01200 is GRANTED.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE